IN RE : Zena Bethune
BAKER, Debtor.

**CASE NO. 15-10263-KKS**

United States Bankruptcy Court,
N.D. Florida,
**Gainesville Division.**

Signed January 29, 2016

Zena Bethune Baker, Williston, FL, pro
se.

*ORDER STRIKING "PRO SE LET-
TER/MOTION" (DOC. 27), DENY-
ING REQUEST TO REOPEN
CASE, AND CANCELING HEAR-
ING ON FEBRUARY 4, 2016*

KAREN K. SPECIE, United States
Bankruptcy Judge

THIS CASE is before the Court upon the "Pro Se Letter/Motion" submitted to the Clerk and entered on the Docket after the entry of an order dismissing this case. The "Pro Se Letter/Motion" purports on its face to have been submitted by "the Baker family" (the "Pro Se letter," Doc.27). The Chapter 13 Trustee took the time and effort to file a Response to the "Pro Se letter" (Doc. 31), notwithstanding that she filed her Final Report and account on December 21, 2015 (Doc. 29).

For the reasons set forth below, the Pro Se letter should be stricken, the relief requested therein should be denied, and the hearing scheduled for February 4, 2016 should be canceled.

The Debtor filed her voluntary Chapter 13 Petition on October 30, 2015 (ECF 1). She did not file a mailing matrix or any of her Schedules or Statement of Financial Affairs. Because the Debtor did not file a mailing matrix or any other list of creditors, the Clerk could not send the Notice of 341(a) Meeting of Creditors (ECF6) or any other documents to anyone in the case other than the Chapter 13 Trustee and the Debtor.

On November 2, 2015 the Court entered an Order for the Debtor to Show Cause why the case should not be dismissed for failure to file the creditor matrix (ECF 8). This Order gave the Debtor fourteen (14) days to either file the required matrix or show cause why she did not. The Order was served on the Debtor via U.S. mail by the BNC at her address of record on Wednesday, November 4, 2015 (ECF 19).

The Debtor paid $100 with her Petition and filed an application to pay her filing fee in installments (ECF 4), which the Court approved by Order dated November 2, 2015 (ECF 9). The Order permitted the Debtor to pay the remainder of the filing fee in $70.00 installments, with the first due on December 5, 2015. *Id.* Debtor did not pay the first installment when due, and to date has failed to pay any additional installments on, or the remainder of, her filing fee.

As of November 16, 2015 the Debtor had still not filed a mailing matrix, Schedules or her Statement of Financial Affairs, among other things. The Clerk issued a "Section 521 Final Deficiency Notice" on November 16, 2015 (ECF 21).

The Court entered an Order Dismissing Case for Failure to File Creditor Mailing Matrix on November 19, 2015 (ECF 23). To date, the Debtor has filed nothing in this case other than her original "bare bones" petition.

The Pro Se letter is insufficient upon which to grant this Debtor any relief First, it is not signed by the Debtor or any other person. Rather, it purports to be signed by the Debtor's "family." Even had the letter been signed by an identifiable person other than the Debtor, it is well established that a non-lawyer may not represent another non-lawyer in bankruptcy. Because the Debtor is unrepresented, she must sign all pleadings. Rule 9011(a), Fed. R. Bankr. P.

Further, the Pro Se letter was filed after the order dismissing the case had become final. Even if the Pro Se letter had been properly signed and filed, the Debtor has not paid the remainder of the filing fee. As the Chapter 13 Trustee raised in her Response, the order dismissing this case states clearly in paragraph 2 that: "The Court will not entertain a Motion for Reconsideration of this Order of Dismissal unless all fees are paid at the time the Motion is made." (ECF 23).

The Pro Se letter advises that the Debtor wishes to keep her home, and recites a series of unfortunate health and family issues that have apparently impacted the Debtor and family members. While the circumstances surrounding the Debtor and her family may, indeed, be unfortunate, in order to obtain relief from debt or a fresh start in bankruptcy, a debtor must pay the required filing fees and comply with the requirements of the Bankruptcy Code, Bankruptcy Rules and the rules and procedures of the Bankruptcy Court. This Debtor has not. Chapter 13 offers debtors a significant opportunity for relief from financial pressures and a way to save homes from foreclosure, but in exchange for those benefits debtors must follow the rules, abide by the Chapter 13 Trustee's requirements, and do what is required of them.

Should the Debtor elect to file another bankruptcy case, the Court strongly urges her to seek an attorney. Chapter 13 is not a simple process, especially for those with no legal education in bankruptcy. On November 2, 2015 the Court provided the Debtor a "Notice of Pro Bono Services," on which are listed various organizations that may provide free or reduced rate legal services (Doc. 13). Some bankruptcy attorneys will agree to have their attorneys' fees paid, at least in part, over time through a Chapter 13 plan; many offer free bankruptcy consultations.

For the reasons stated, it is ORDERED:

1. The Pro Se letter is STRICKEN; the relief requested is DENIED.

2. The hearing currently scheduled for February 4, 2016 is CANCELED.

3. The Clerk is authorized to take any action needed to close this case.

DONE AND ORDERED on *January 29, 2016.*